IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                              4:99-CR-00086-WRW

WES DAVENPORT

### ORDER

Pending is Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 145). Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction. Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.G. § 2D1.1, are potentially eligible. If a defendant was not sentenced based on the drug quantity table, there is no basis for the Court to exercise its discretion to grant a sentence reduction.[1] There are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be less than the statutory minimum. In such cases, the defendant is not entitled to a sentence reduction based on the Guideline Amendments[2] -- except in some cases where a defendant previously received a reduction for substantial assistance under either Rule 35 or U.S.S.G. 5K1.1.

---

[1] U.S.S.G. § 1B1.10(a)(1).

[2] See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). See also, the application notes to U.S.S.G. § 1B1.10(a) (Supp. March 3, 2008) ("[T]he amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

Based on a total offense level of 34 and a criminal history category of VI, Defendant's guideline range was 262-327 months. However, on June 27, 2000, Defendant was sentenced to the statutory mandatory minimum sentence of 180 months in prison.[3] The Statement of Reasons in the Judgment read:

> The Court allowed counsel to make a record with regard to other objections, but found that because the Defendant was undeniably an armed career criminal and the Court was granting the Defendant's request for downward departure, based on the state of his health, to the statutory minimum sentence of 180 months, a ruling on the other points was unnecessary.[4]

**Armed Career Criminal**

Defendant's sentence was not determined based on the drug quantity table, but rather on his status as a "armed career criminal" under U.S.S.G. § 4B1.4. Because the calculation of his base offense level was determined by his "armed career criminal" status, rather than the drug quantity table, the crack cocaine amendment does not apply to Defendant.

**Statutory Minimum**

Even if Defendant were not an "armed career criminal," the amendment would not apply, because Defendant was sentenced to the statutory mandatory minimum, and did not receive a reduction for substantial assistance.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 145) is DENIED.

IT IS SO ORDERED this 19th day of June, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[3] Doc. No. 106. Based on 18 U.S.C. § 924(e)(1), Defendant was subject to the statutory minimum of not less than 15 years.

[4] Doc. No. 106.